UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| EDWIN JONATHAN CROW YANDUN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00219-MPB-MKK |
| | ) | |
| BRISON SWEARINGEN Sheriff, Clay County Jail, *et al.*, | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS**

Noncitizen Edwin Crow Yandun petitions for a writ of habeas corpus. He challenges the lawfulness of his continued detention at the Clay County Jail, where he is detained on behalf of U.S Immigration and Customs Enforcement (ICE). The Court **grants** Mr. Crow's petition and orders the respondents to either afford him a bond hearing or release him from custody.

**I. Facts**

Mr. Crow entered the United States without inspection. Border Patrol agents apprehended him in Texas in November 2022 and permitted him to remain in the United States on parole. His parole expired in February 2023, but the government did not take him into custody at that time. Rather, he was required to check in periodically with immigration officials. Dkt. 6-1 at 7, 11.

On March 10, 2026, an immigration officer executed an administrative warrant "command[ing]" that Mr. Crow be taken into ICE custody pursuant to 8 U.S.C. § 1226. Dkt. 6-1 at 5. ICE officers arrested Mr. Crow pursuant to the warrant when he reported to a check-in appointment that day. *Id.* at 7. Mr. Crow has been in detention since then and is currently confined at the Clay County Jail. He has not received a bond hearing.

## II. Analysis

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Mr. Crow argues that his continued detention violates the Immigration and Nationality Act (INA), the Fifth Amendment's Due Process clause, and the Administrative Procedure Act (APA). He argues that the Court must (a) order the respondents to release him immediately and (b) enjoin them from redetaining him without observing certain procedures. The respondents answer that the INA not only authorizes but requires the government to detain Mr. Crow through the conclusion of his removal proceedings.

Mr. Crow's continued detention without possibility of bond violates the INA and entitles him to habeas relief in the form of a bond hearing. On this basis, the Court grants Mr. Crow's petition in part and denies it in part.

### A.    8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. [T]he Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

    (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

    (B) conditional parole[.]

An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see* also 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged

in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

**B.    Mr. Crow's Detention Is Authorized by § 1226(a)**

The record reflects that Mr. Crow's detention is authorized by § 1226(a). As discussed further below, this makes him eligible for a bond hearing, and his continued detention without a bond hearing violates the INA.

The Court has previously determined that, considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Crow who have lived in the interior of the United States for years. *See, e.g.*, *Delgado Avila v. Crowley*, 809 F. Supp. 3d 841, 844–46 (S.D. Ind. 2025). As the Court has previously explained, the respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior

4

statutory interpretation and practice. *See Alejandro v. Olson*, No. 1:25-CV-02027-JPH-MKK, 2025 WL 2896348, at *14–19 (S.D. Ind. Oct. 11, 2025).

The respondents concede that this Court's previous analysis "control[s] the result in this case should the Court adhere to the legal reasoning in those prior decisions." Dkt. 6 at 9–10. Nevertheless, they urge the Court to deviate from its previous decisions. They support that position with citations to numerous decisions upholding the government's interpretation of § 1225(b)(2)(A), including two recent circuit court decisions: *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 503 (5th Cir. 2026), and *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026)).

In *Buenrostro-Mendez*, Fifth Circuit found that "seeking admission" is a permissible redundancy for "applicant for admission." 116 F.4th at 503. In *Avila*, the Eighth Circuit similarly held that the meanings of "applicant for admission" and "seeking admission" and the grammatical structure of 8 U.S.C. § 1225(b)(2)(A) show that "in the context of the statute the two phrases are synonymous." 2026 WL 819258, at *3 (8th Cir. Mar. 25, 2026)).

These decisions are not binding on this Court. Moreover, the Court is not convinced that the Seventh Circuit will follow *Buenrostro-Mendez* or *Avila* and therefore continues to rely on *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025), as persuasive precedent. In *Castañon-Nava*, the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th at 1061.

Furthermore, the respondents' legal reasoning cannot be reconciled with the government's treatment of Mr. Crow. After Mr. Crow's parole expired, the government subjected him to a reporting requirement but did not detain him. When the government eventually arrested Mr. Crow, it did so subject to a warrant citing § 1226. Given the government's treatment of Mr. Crow, it

cannot plausibly now maintain that he is subject to § 1225(b)(2)(A) and therefore categorically ineligible for discretionary release. *See Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029524, at \*6 (S.D. Ind. Oct. 30, 2025) (citing *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at \*6 (N.D. Ill. Oct. 24, 2025); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at \*3 (7th Cir. Feb. 14, 2023)).

Furthermore, the facts here are quite different from *Buenrostro-Mendez*, where the court's analysis did not indicate that the petitioners were arrested pursuant to an administrative warrant and then served with a Notice to Appear for full removal proceedings. 166 F.4th at 500 ("DHS encountered each petitioner in 2025, and, upon inspection, immigration officers determined that each was inadmissible as an alien present in the United States without having been admitted or paroled . . . DHS commenced removal proceedings under 8 U.S.C. § 1229a against both petitioners, directing that they be detained under 8 U.S.C. § 1225(b)(2)(A) for the duration of those proceedings."). In *Avila*, the petitioner was served with a Notice to Appear, but the record is silent as to whether he was arrested pursuant to an administrative warrant. *See* 2026 WL 819258, at \*1. In contrast, Mr. Crow was served with an administrative warrant that authorized federal agents to detain him pursuant to § 1226. *Buenrostro-Mendez* and *Avila* therefore do not necessarily apply to the facts here.

In sum, the record demonstrates that Mr. Crow's detention is authorized only by § 1226(a), entitling him to consideration of bond.

## C.    Scope of Relief

Mr. Crow is eligible for release on bond under § 1226(a), and he has not received a bond hearing. His continued detention without a bond hearing therefore violates "the laws or treaties of

6

the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984).

Mr. Crow argues principally for immediate release from custody. Immediate release is the customary remedy in habeas proceedings. *See Thuraissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, Mr. Crow maintains—and the Court agrees—that he is subject to § 1226(a), which allows the government to "continue to detain" him. 8 U.S.C. § 1226(a)(1). Mr. Crow's custody is not unlawful because of the very fact that he is detained. Rather, his custody is unlawful because he has not received the bond hearing that the law requires. Therefore, the Court grants Mr. Crow's petition and orders the respondents to afford him a bond hearing or release him from custody.

## D.    Remaining Claims

Because the Court has found that Mr. Crow's detention violates the INA, it does not reach his argument that his detention violates the Fifth Amendment. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

For related reasons, the Court also does not reach Mr. Crow's argument that, if his relief is limited to a bond hearing, the Court must place specific constraints on the immigration judge's decision-making. Dkt. 9 at 4–5. The Seventh Circuit has not answered the question of who bears the burden of proof in an administrative bond hearing, and the circuits that have answered the question have not answered in unison.[1] Section 1226 is silent as to the burden of proof, so

---

[1] *Compare Hernandez-Lara v. Lyons*, 10 F.4th 19, 39 (1st Cir. 2021) ("We therefore conclude that the government must bear the burden of proving dangerousness or flight risk in order to continue detaining a noncitizen under section 1226(a)."); *Velasco Lopez v. Decker*, 978 F.3d 842, 846 (2d Cir. 2020) ("[T]he district court correctly ordered a new bond hearing where the Government bore the burden of proof."), *with*

Mr. Crow's argument is purely constitutional. A bond hearing without Court-imposed instructions regarding the burden of proof may yet result in Mr. Crow's release on bond, or it may result in the denial of bond for reasons unrelated to the burden of proof. Mr. Crow's detention is currently unlawful because he has been deprived of a bond hearing—not because the government conducted a bond hearing that failed to conform to specific standards. At this point, it is prudent for the Court to avoid an unnecessary constitutional decision. *Thomas*, 697 F.3d at 613.

Finally, the Court need not confront Mr. Crow's argument that his continued detention violates the APA. The thrust of that argument is that the respondents have subjected him to unlawful detention by failing to consider whether he is a flight risk or a danger to the community—considerations that will be addressed in a bond hearing. *See* dkt. 1 ¶¶ 44–49. Mr. Crow's APA argument would not entitle him to any greater relief than his INA argument.

### III. Conclusion

The petition for a writ of habeas corpus is **granted** insofar as the respondents will have **seven days** to certify that Mr. Crow has (1) appeared for a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a) and pertinent regulations, or (2) been released from detention. The petition is **denied** to the extent it seeks immediate release. The **clerk is directed** to

---

*Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1214 (9th Cir. 2022) ("[E]ven when there are deficiencies in individual § 1226(a) proceedings, they may be redressable through means short of major changes to the burden of proof."); *Miranda v. Garland*, 34 F.4th 338, 365 (4th Cir. 2022) ("Espinoza did not meet his burden to show a likelihood of success on his claim that requiring an alien in a § 1226(a) bond hearing to show, by a preponderance of evidence, that he is not a danger to the community nor a flight risk violates an alien's rights under the Due Process Clause."); *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018) ("[U]nder § 1226(a) the burden remains on the detainee at all times. [W]e perceive no problem . . . .").

enter **final judgment**.

        **IT IS SO ORDERED.**

Dated:  April 17, 2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

Afshan Jabeen Khan
Law Office of Afshan J Khan
ajkhanesq@gmail.com

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Paul Umbaugh, IV
DOJ-USAO
paul.umbaugh@usdoj.gov